

350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962
phone: 973-267-0058
fax: 973-267-6442
www.cmg.law

**Coughlin Midlige
& Garland** LLP

Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
phone: 212-483-0105
fax: 212-480-3899

GABRIEL E. DARWICK, ESQ.
DIRECT DIAL: (212) 612-4999
EMAIL: GDARWICK@CMG.LAW

ZACHARY SHERMAN, ESQ.
DIRECT DIAL: (973) 631-5736
EMAIL: ZSHERMAN@CMG.LAW

May 10, 2022

**VIA ECF**
The Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   **Zurich American Insurance Company v. Selective Insurance Company of the
> Southeast, et al.**
> **Civil Action No.:   1:22-cv-01315**

Dear Judge Engelmayer:

In accordance with Your Honor's Notice of Initial Pretrial Conference, dated March 28, 2022, the undersigned counsel for Plaintiff, Zurich American Insurance Company ("Zurich"), and Defendant, Selective Insurance Company of the Southeast ("Selective"), provide a brief summary of the case in advance of the initial pretrial conference scheduled for **May 16, 2022 at 10:00 AM**, which was So Ordered by Your Honor on March 31, 2022. Third-party defendant, Axis Surplus Insurance Company ("Axis"), has not answered Selective's third-party complaint and is in default. Counsel for Selective notes that the third-party summons and complaint was filed on April 12, 2022 and served along with this Court's March 31, 2022 order on Axis in person on April 13, 2022. Counsel for Selective emailed the Axis adjuster assigned to the underlying action courtesy copies of the third-party summons and complaint and this Court's March 31, 2022 order on April 12, 2022. Not having heard from Axis, counsel for Selective then advised the Axis adjuster that Axis is in default in this third-party action by email on May 6, 2022.

This coverage dispute arises out of two accidents at the construction site of LaGuardia Airport's Terminal B renovation project (the "Project"). Thiana Vargas ("Vargas"), while employed by Liberty Mechanical Contractors, Inc., allegedly suffered two work-related accidents while working on the LaGuardia Airport construction project. The first accident allegedly occurred on August 28, 2018, when Vargas tripped and fell on an electrician's ground cable protruding from the gravel surface. The second accident allegedly occurred on March 18, 2019, when Vargas tripped and fell on a piece of metal allegedly protruding from a hoist platform.

Zurich issued to Skanska/Walsh J.V. a commercial general liability ("CGL") insurance policy, policy number GLO 019438-00, for the policy period June 1, 2016 to June 1, 2023 (the "Zurich Policy").



Judge Engelmayer
May 10, 2022
Page 2 of 3

Skanska/Walsh J.V. entered into a subcontract with GMA Electrical Corp. ("GMA") to provide certain electrical work at the Project. Zurich maintains that GMA was contractually obligated to procure general liability insurance and name the Zurich Insureds (defined herein) as additional insureds on this policy. Selective issued to GMA CGL coverage, policy number S1956968, for the policy period October 30, 2017 to October 30, 2018 (the "Selective Policy").

On July 17, 2019, Vargas commenced suit against the Zurich Insureds. *Vargas v. Port Authority of New York & New Jersey, et al.* Supreme Court of the State of New York, County of Bronx, Index No. 28198/2019E against Port Authority of New York & New Jersey, LaGuardia Gateway Partners, LLC, Skanska USA Building Inc., Skanska USA Civil Northeast Inc., and Walsh Construction Company II (collectively with Skanska/Walsh J.V. referred to as the "Zurich Insureds"). On July 6, 2021, the Zurich Insureds filed a Third-Party Action against GMA, and on August 16, 2021, Vargas filed a Second Amended Complaint and named GMA as an additional defendant in the direct action (collectively, the "Underlying Action").

Zurich tendered the defense and indemnity of the Zurich Insureds to Selective to provide coverage as additional insureds under Selective's Policy, which Selective rejected. Thereafter, Zurich commenced this coverage action.

## I.     Summary of Claims

### A.     Claims Against Selective

Zurich alleges that Selective has a duty to defend and indemnify the Zurich Insureds as additional insureds in the Underlying Action on a primary, non-contributory basis. By failing to accept its duty to defend and indemnify the Zurich Insureds, Selective has breached the terms of its CGL policy. Similarly, Zurich alleges that as a result of Selective's failure to provide a defense to the Zurich Insureds in the Underlying Action, Zurich has incurred considerable defense costs on behalf of the Zurich Insureds in the Underlying Action. Zurich therefore demands that Selective reimburse Zurich for the amounts it has incurred or will incur, in the defense of the Zurich Insureds in the Underlying Action.

### B.     Claims Against Axis

Selective alleges that it only insured GMA for the period including the first of Vargas's two alleged accidents and that Axis insured GMA for the subsequent policy period, which included the second alleged accident. Selective alleges that notwithstanding its defense described below, in the event Selective were to be found to owe a defense and/or indemnification to the Zurich Insureds, any such obligation would be excess to Axis's obligation to provide the Zurich Insureds with a defense and/or indemnification on a primary and noncontributory basis.

2136996



Judge Engelmayer
May 10, 2022
Page 3 of 3

## II.    Summary of Defenses

Selective maintains, among other things, that coverage for the Zurich Insureds under the Selective Policy issued to GMA is excluded pursuant to the Selective Policy's Limited Exclusion – Designated Operations Covered By A Consolidated (Wrap-Up) Insurance Program Endorsement as a result of the fact that there was and is a consolidated insurance program for the Project of which the Zurich Policy is a part. Selective maintains that as such, there is no coverage for the Zurich Insureds under the Selective Policy, and Selective has no duty to defend or indemnify any of the Zurich Insureds in the Underlying Action.

## III.    Contemplated Motions

Zurich anticipates filing a motion for partial summary judgment against Selective on the duty to defend after the exchange of Initial Disclosures. Selective anticipates filing a motion for summary judgment seeking to have Zurich's action dismissed in its entirety. Alternatively, Selective envisions moving for a default judgment against Axis or summary judgment against Axis if it appears.

## IV.    Likelihood of Settlement

The parties have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time, but the parties remain open to engage in settlement discussion as the matter progresses.

Dated:  New York, New York
        May 10, 2022

COUGHLIN MIDLIGE & GARLAND
LLP

By: _Gabriel Darwick_____
    Gabriel E. Darwick, Esq.
    Zachary M. Sherman, Esq.
    Wall Street Plaza
    88 Pine Street, 28th Floor
    New York, New York 10005
    Attorneys for Plaintiff,
    *Zurich American Insurance Company*
    gdarwick@cmg.law
    zsherman@cmg.law

KENNEY   SHELTON   LIPTAK   NOWAK
LLP

By: _Matthew C. Ronan_____
    Matthew C. Ronan, Esq.
    The Calumet Building
    233 Franklin Street
    Buffalo, New York 14202
    Attorneys for Defendant,
    *Selective Insurance Company of the*
    *Southeast*
    MCRonan@kslnlaw.com

2136996