UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZURICH AMERICAN INSURANCE COMPANY,

                              Plaintiff,

             -v-

SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,

                             Defendant.

22 Civ. 1315 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has carefully reviewed the letters submitted by plaintiff Zurich American Insurance Company ("Zurich") and defendant Selective Insurance Company of the Southeast ("Selective") in connection with two related discovery disputes. These arise from Zurich's request for documentary and interrogatory discovery about Selective's underwriting of a policy with a non-party entity, GMA Electrical Corp. ("GMA"). Dkts. 29–31, 33.

On August 5, 2022, Selective notified the Court of a discovery dispute regarding Zurich's subpoenas to GMA and GMA's broker as to the underwriting of a policy that Selective issued to GMA. Dkt. 29 at p. 1. Selective asks the Court to partially quash the subpoenas, on the ground that certain information they seek is proprietary to Selective and irrelevant to the underlying case between Zurich and Selective. *Id.* at 2–3. On August 10, 2022, Zurich responded to Selective's letter, representing that it does not have an interest in the proprietary or sensitive aspects of the subpoenaed materials, that it does not oppose Selective's redaction of all such information, and that the underwriting file is relevant to its claim for additional insured coverage from Selective. Dkt. 30 at pp. 2–3. Zurich also notified the Court of a second, related discovery dispute concerning three discovery requests it had made to Selective, involving: (1) an interrogatory

request to identify individuals with knowledge of the underwriting of the policy, (2) a request for production of the underwriting file for the policy, and (3) a request for production of the drafting history of a wrap-up exclusion related to the policy.  Dkt. 31 at p.2.  On August 15, 2022, Selective opposed Zurich's letter motion.  Selective again argued that the information sought was protected and irrelevant.  Dkt. 33 at pp. 1–2.  Selective also requested a protective order with respect to deposition questions regarding its underwriting file.  *Id.* at 1.

The Court's resolves these related disputes together.  The Court is persuaded that there is a proper purpose to each of Zurich's requests for discovery related to the underwriting of Selective's policy, substantially for the reasons stated by Zurich.  These requests are reasonably calculated to lead to the discovery of admissible evidence regarding the scope of Selective's obligations to relevant entities insured by Zurich.  At the same time, the Court is persuaded that some of the materials sought have the capacity to contain proprietary and sensitive information, and that aspects of the underwriting files sought may be irrelevant to this dispute.  Given the facial nature of the dispute, the Court perforce cannot assess, as to any responsive document, whether and to what extent it is responsive and/or properly redacted.

The Court accordingly will enforce Zurich's motions for discovery, and will decline to quash Zurich's subpoenas, while broadly authorizing Selective, GMA, and GMA's broker to redact sensitive or proprietary material.  Further, to the extent that an underwriting file or other requested document set contains documents that — while not sensitive or proprietary — are viewed by Selective or the subpoenaed non-parties as irrelevant to the narrow dispute here, the Court expects counsel for these parties to confer with counsel for Zurich.  The Court expects that counsel, in good faith, will largely or entirely be able to agree as to whether specific documents have any bearing on this case.  To the extent counsel have not entered into a protective order,

counsel may wish to do so, so as to enable producing counsel to designate certain documents as "Attorneys Eyes Only." Such may facilitate agreement among counsel as to the relevance or not of particular documents to this litigation. If agreement is not reached as to particular documents, production to opposing counsel of such documents on an "Attorneys Eyes Only" basis may also facilitate counsel's presentation to the Court of a discovery dispute keyed to these documents, which are to be presented pursuant to this Court's Individual Rules regarding discovery disputes.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 19, 2022
      New York, New York