UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZURICH AMERICAN INSURANCE COMPANY,

                                    Plaintiff,

            -v-

SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,

                                  Defendant.

22 Civ. 1315 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      The Court has carefully reviewed the letters submitted by plaintiff Zurich American Insurance Company ("Zurich") and defendant Selective Insurance Company of the Southeast ("Selective") in connection with a discovery dispute. *See* Dkts. 38, 40. These arise from Selective's August 21, 2022 deposition notice, pursuant to Federal Rule of Civil Procedure 30(b)(6), seeking information regarding, *inter alia*, Zurich's investigation into certain alleged accidents and the scope of coverage provided by Zurich and other insurance carriers to the entities involved in those alleged accidents.

      On September 27, 2022, Zurich notified the Court of the discovery dispute, which, it stated, the parties had been unable to resolve despite conferring via email. Dkt. 38 at 1. Zurich moves to strike two topics designated for examination in Selective's deposition notice: (1) the "Zurich Commercial General Liability Policy Number GLO 0195438-00 issued to Skanska/Walsh J.V.," and (2) "[a]ny and all certificates of insurance issued in connection with the Zurich [Contractor Controlled Insurance Program ("CCIP")]." *Id.*; *id.* at Ex. A. In Zurich's view, these examination topics are vaguely worded and seek irrelevant information. *Id.* at 2. In particular, Zurich states that (1) it cannot ascertain what testimony Selective seeks to obtain with

respect to the liability policy, and (2) there is no dispute that Zurich agreed to provide defense and indemnity to the Zurich-insured entities and, accordingly, no probative value to testimony on the certificates of insurance. *Id.*

On September 30, 2022, Selective responded. Dkt. 40. As to the liability policy, Selective argues that the terms of the policy are relevant to the scope of Zurich's obligations to the Zurich-insured entities, the enrollment of the entities in the Zurich CCIP, and, by extension, Selective's obligations to those entities. *Id.* at 2. As to the certificates of insurance, Selective argues that the certificates are relevant to whether the entities were covered by Zurich. *Id.* at 3. Selective also states that it may limit its questioning on the liability policy and forgo questioning on the certificates of insurance if Zurich stipulates that the Zurich-insured entities were covered by the Zurich CCIP. *Id.*

Rule 30(b)(6) permits a party to "name as the deponent a . . . private corporation," provided that it "describe[s] with reasonable particularity the matters for examination" and the parties "confer in good faith about the matters for examination." "A Rule 30(b)(6) deposition notice, like other forms of discovery, is subject to the limitations under Rule 26 of the Federal Rules of Civil Procedure." *BlackRock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Ass'n.*, No. 14 Civ. 10067 (KPF) (SN), 2017 WL 3610511, at *11 (S.D.N.Y. Aug. 21, 2017) (internal quotation marks omitted). Accordingly, the party issuing the subpoena "must demonstrate that the information sought is relevant and material to the allegations and claims at issue," and may not serve an "overly broad" Rule 30(b)(6) notice that fails to identify the "outer limits of the areas of inquiry." *Id.* (internal quotation marks omitted).

The Court is persuaded that there is a proper purpose to Selective's designation of these topics for examination, substantially for the reasons stated in Selective's letter. These topics

appear reasonably calculated to seek admissible evidence regarding the scope of Selective's obligations to relevant entities insured by Zurich. Nonetheless, the Court is mindful of the requirements that Selective describe the topics with "reasonable particularity," Rule 30(b)(6), and provide sufficient information to define the "outer limits of the areas of inquiry," *BlackRock Allocation Target Shares*, 2017 WL 3610511, at *11. As formulated, the topics have the capacity to encompass matters unrelated to this litigation and thus needlessly prolong and complicate Zurich's preparation of its deponent(s) for the requested examination.

Accordingly, the Court declines to strike the two topics from Selective's deposition notice, while ordering that (1) examination on these topics be limited to the scope of Zurich and Selective's obligations to the six Zurich-insured entities at the time of and in connection with the events in question; and (2) counsel promptly confer, in good faith, both to clarify the intended areas of questioning within topics (3) and (6) and to explore possible stipulations that may moot or narrow lines of examination. The Court is confident that, upon such consultation, Zurich's counsel will be left with a more acute understanding of the scope of the intended examination.

SO ORDERED.

                                                            *Paul A. Engelmayer*
                                                            Paul A. Engelmayer
                                                            United States District Judge

Dated: October 13, 2022
       New York, New York