
KenneySheltonLiptakNowak LLP
Attorneys

BUFFALO
The Calumet Building
233 Franklin Street
Buffalo, NY 14202
p 716.853.3801
f 716.853.0265

kslnlaw.com

November 28, 2022

**VIA ECF**

Hon. Paul A. Engelmayer, United States District Judge
United States District Court, Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

    Re:    <u>Zurich American Insurance Company v. Selective Insurance Company of the Southeast v. Axis Surplus Insurance Company</u> (Civ. No.: 1:22-cv-01315-PAE)

           Our File No.:   SEL 32058

Dear Judge Engelmayer:

We represent defendant Selective Insurance Company of the Southeast ("Selective"). Per Rule 2.C. of the Court's Individual Practices, Selective submits this letter brief to the Court regarding a discovery dispute with plaintiff Zurich American Insurance Company ("Zurich"). The parties have met and conferred multiple times. Unfortunately, we could not resolve the dispute, thus necessitating this letter.

This dispute concerns Selective's request for production from Zurich of certain documents in Zurich's underwriting file. Specifically, Selective has narrowly tailored its demands to those underwriting documents related to the CCIP (i.e., Contractor Controlled Insurance Program) contained in the Zurich policy. Selective served Zurich with Selective's Second Set of Requests for Production on September 15, 2022, a true and correct copy of which is attached as **Exhibit A**. The first four requests concern documents "concerning the underwriting of the Zurich policy" and which relate to (1) the CCIP, (2) the "CCIP Manual," (3) the "enrollment of any and all entities with respect to the CCIP," and (4) "the exclusion or rejection of entities with respect to the CCIP," respectively.

Zurich served its responses on October 14, 2022, a true and correct copy of which is attached as **Exhibit B**. Zurich's responses made boilerplate objections and did not provide any additional documents as requested. We followed up with an email to Zurich's counsel on October 15, 2022, seeking clarification of whether Zurich was planning on making any production in response to Selective's Second Set of Requests for Production.

Despite stating in its responses that Zurich was undergoing a search for additional documents, Zurich's counsel informed us in an October 17, 2022 email that Zurich did not intend to produce

November 28, 2022
Page 2

any documents from its underwriting file. The parties had a longer phone conversation on November 8, 2022, at which time Zurich reiterated its position that it would not produce any documents from its underwriting file that relate to the CCIP (the only underwriting documents Selective has requested).

In its Second Set of Requests for Production, Selective seeks documents that are relevant to one of the key issues in this matter: the identities of all entities that are enrolled in the Zurich CCIP and, by extension, are subject to the wrap up exclusion in Selective's insurance policy. This Court has already ruled that the Zurich CCIP is relevant when it issued its decision regarding the parties' discovery dispute as to Rule 30(b)(6) deposition topics. Dkt. No. 42.

"The Federal Rules set very liberal limits on the scope of discovery." Colon v. N.Y.C. Hous. Auth., 2021 U.S. Dist. LEXIS 237035, at *3 (S.D.N.Y. Dec. 9, 2021). Subject to the conditions in Rule 26(a)(1), Selective is entitled to discovery regarding any matter that is non-privileged, relevant to its defense, and proportional to the needs of the case. Here, to the extent that Zurich's underwriting file contains documents that are relevant to the concerns stated above (the identities of which entities were enrolled in the CCIP), Zurich should produce those documents. Selective's requests are narrowly tailored so as to only relate to the CCIP and do not seek documents outside of that purview.

Zurich will claim that Selective's need for these documents was obviated by Zurich's Supplemental and Amended Response to Selective's First Set of Requests for Admission that Zurich served on October 25, 2022, a true and correct copy of which is attached as **Exhibit C**. In these responses, Zurich provided additional information regarding certain entities enrolled in the CCIP. However, that is ultimately beside the point because Zurich's responses to Selective's Requests for Admission leave many questions unanswered and because Selective is still entitled to any documents relevant to its defenses under the framework set forth in the Federal Rules. Moreover, Zurich has denied that two of the entities Zurich is defending in the underlying action are being defended under the CCIP and instead claims that they are entitled to coverage from Zurich pursuant to other provisions in the Zurich policy. Selective is entitled to the information it seeks because Selective is entitled to find out if all of Zurich's insureds fall within the scope of the Zurich CCIP. The fact that an entity may be entitled to coverage under one part of the Zurich policy does not necessarily mean it is not entitled to coverage under another part of the Zurich policy (i.e., the CCIP).

In addition to already deciding that the Zurich CCIP is relevant, this Court has already ruled that an insurance company's underwriting materials are discoverable when they are relevant to a party's claims or defenses. Dkt. No. 34. In its ruling, this Court required Selective to produce its underwriting file while retaining authority to "redact sensitive or proprietary material." The same solution can be reached with this dispute.[1]

---

[1] In response to this Court's prior order, Selective produced all underwriting documents responsive to Zurich's demands but withheld certain documents as patently irrelevant and provided Zurich with a detailed log of such documents so that Zurich could be satisfied that the withheld documents

Case 1:22-cv-01315-PAE   Document 45   Filed 11/28/22   Page 3 of 3
Case 1:22-cv-01315-PAE   Document 44   Filed 11/28/22   Page 3 of 3

November 28, 2022
Page 3

In short, Selective has narrowly tailored its supplemental demands for underwriting documents to those documents in Zurich's underwriting file related to the Zurich CCIP. This Court has already ruled that underwriting documents are discoverable if relevant and that the Zurich CCIP is relevant because of the Selective policy's exclusion related to projects covered by a CCIP. Selective accordingly requests that this Court compel Zurich to produce the requested documents. Selective would of course be glad to participate in a conference on this issue.

Respectfully submitted,

KENNEY SHELTON LIPTAK NOWAK LLP

/s/ Matthew C. Ronan
Matthew C. Ronan, Attorney
*MCRonan@kslnlaw.com*


In accordance with the Court's Individual Rules and Practices, plaintiff Zurich American Insurance Company ("Zurich") is directed to respond to this letter by Thursday, December 1, 2022. The Court will turn thereafter to resolving this dispute and ruling on Zurich's letter motion for an extension of time to complete discovery.

SO ORDERED.

                                    *Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
November 28, 2022

---

were in fact irrelevant. Selective suggests Zurich could follow the same procedure in response to Selective's demands.