UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZURICH AMERICAN INSURANCE COMPANY,

                                        Plaintiff,

                          -v-

SELECTIVE INSURANCE COMPANY OF THE
SOUTHEAST,

                                        Defendant.

22 Civ. 1315 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has carefully reviewed the letters submitted by plaintiff Zurich American

Insurance Company ("Zurich") and defendant Selective Insurance Company of the Southeast

("Selective") in connection with a discovery dispute, as well as Zurich and third party-defendant

Axis Surplus Insurance Company's motion for an extension of time to complete discovery.

Dkts. 43, 44, 46. These arise from Selective's request for production of certain documents in

Zurich's underwriting file.

On November 28, 2022, Selective notified the Court of the discovery dispute, asking that

the Court compel Zurich to produce requested underwriting documents related to the Contractor

Controlled Insurance Program (the "CCIP") contained in Zurich's policy. Dkt. 44 at 1. On

September 15, 2022, Selective served the requests at issue, seeking documents related to (1) the

CCIP, (2) the "CCIP Manual," (3) the "enrollment of any and all entities with respect to the

CCIP," and (4) the "exclusion or rejection of entities with respect to the CCIP." *Id.*; *id.* at Ex. A.

On October 14, 2022, Zurich objected to the requests on various grounds, including that the

requests were vague, overly broad, and unduly burdensome and sought information that was not

relevant. *Id.* at Ex. B. Selective states that, in an email dated October 17, 2022 and during a

phone conversation on November 8, 2022, Zurich stated that it did not intend to produce any documents from the underwriting file related to the CCIP. Dkt. 44 at 1–2.

Selective now moves to compel Zurich to produce the requested documents, which Selective asserts are relevant to a "key issue[]" in the case: "the identities of all entities that are enrolled in the Zurich CCIP and, by extension, are subject to the wrap up exclusion in Selective's insurance policy." *Id.* at 2. Selective argues that its requests are narrowly tailored and not duplicative of responses provided by Zurich to other requests. *Id.* Selective contends that Zurich's responses to its requests "leave many questions unanswered," including whether two entities insured by Zurich are covered under both the CCIP and other provisions in Zurich's policy. *Id.*

In response, Zurich asserts that it has provided Selective with the requested information about the identities of the Zurich-insured entities covered by the CCIP. Dkt. 46 at 1. Zurich states that, when it asked Selective why the underwriting file was relevant, Selective refused to provide an explanation. *Id.*; *see also id.* at Ex. 1. In Zurich's view, Selective's request to compel production should be denied because Selective does not seek Zurich's underwriting file to resolve any ambiguity in the policy terms and has failed to provide a specific basis for its request. Dkt. 46 at 2. Zurich rejects the analogy of Selective's request of its underwriting file to Zurich's earlier request of Selective's underwriting file, arguing that Zurich's underwriting matters do not bear on any disputed issues. *Id.* at 3.

Based on the Court's review of the parties' submissions, Zurich has provided information sufficient to answer the question articulated by Selective—which entities are enrolled in the CCIP—and has also specified whether the two entities receiving coverage under other provisions of its policy are also enrolled in the CCIP. *See* Dkt. 44 at Ex. C. However, as the Court ruled

with respect to Zurich's requests for discovery related to the underwriting of Selective's policy, the Court is persuaded that there is a proper purpose to Selective's requests for underwriting documents related to the CCIP, and that these requests could yield relevant information.

Accordingly, the Court directs Selective to specify the remaining "unanswered" questions about the CCIP, and enforces Selective's motion to compel production to the extent that any underwriting documents include information material to those questions.  The Court recognizes that some of the materials sought have the capacity to contain proprietary and sensitive information, and that aspects of the underwriting files sought may be irrelevant to this dispute. Therefore, the Court broadly authorizes Zurich to redact sensitive or proprietary material and withhold irrelevant material, with any withheld material identified in a privilege log.  The Court expects that counsel, in good faith, will largely or entirely be able to agree as to whether specific documents have any bearing on this case.  The Court reminds counsel of the potential utility of a protective order so as to enable producing counsel to designate certain documents as "Attorneys Eyes Only" and facilitate agreement as to the relevance of particular documents to this litigation.

Finally, the Court grants the motion to extend the time to complete discovery.  All depositions shall be completed by December 23, 2022, and fact discovery shall be completed by January 3, 2023.  The deadline for expert discovery remains January 16, 2023.

The next case management conference is scheduled for January 13, 2023, at 4 p.m.  The parties are to enter their appearances by email or docketed letter at least 24 hours in advance of the conference.  If any party wishes to move for summary judgment, it must, by January 6, 2023, submit a pre-motion letter in accordance with the Court's Individual Rules and Practices, section 3H.  Other parties must respond to pre-motion letters by January 11, 2023.  If no party wishes to

move for summary judgment, the parties shall, by January 11, 2023, submit a joint letter setting

forth proposed topics for the conference.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 13, 2022
       New York, New York